IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| BRIAN ADAMS<br><br>    Plaintiff,<br><br>vs.<br><br>HERCULES MANUFACTURING CO. INC., and JOSEPHINE HURT DAVIS, surviving spouse of DONALD C. DAVIS.<br><br>    Defendants. | **ORDER AND OPINION**<br><br>Case No. 2:04-cv-396<br><br>Judge Dee Benson |

### I.    Introduction

Before the Court is Defendant Hercules Manufacturing Co.'s ("Hercules") motion for summary judgment against Plaintiff's complaint that seeks damages for injuries stemming from an automobile accident that occurred on June 7, 2002 in Salt Lake City, Utah. The Court conducted a hearing on the matter on September 26, 2006. Having considered the parties' arguments and legal memoranda, and after reviewing the applicable law, the Court issues the following Order and Opinion granting Hercules' motion.

### II.    Background

In June, 2002, Defendant Hercules, a small business located in Henderson, Kentucky that manufactures truck bodies and trailers used to transport goods, hired Donald Davis to deliver one of its trucks to a customer located in Salt Lake City. After successfully delivering the truck in Salt Lake City, Davis was involved in an automobile collision with Plaintiff Brian Adams. As a

result of the collision, Mr. Adams suffered injuries to both himself and his vehicle. On April 1, 2004, Mr. Adams brought suit against Mr. Davis seeking to recover damages for injuries he sustained in their automobile collision. On January 24, 2005, Plaintiff amended his complaint to include Hercules as a co-defendant.[1]

Hercules now seeks summary judgment against Mr. Adams' complaint arguing that it cannot be held liable for the actions of Mr. Davis under the doctrine of *respondeat superior* because (1) Mr. Davis was an independent contractor and not an employee of Hercules at the time of the accident, and (2) even if Mr. Davis was a Hercules employee he was not acting within the course and scope of his employment when the accident occurred.

### III. Discussion

In order to hold an employer liable for the acts of an employee, the acts giving rise to the claim must be "within the course and scope of [] employment." Ahlstron v. Salt Lake City Corp., 73 P.3d 315, 317 (Utah 2003). The undisputed facts clearly establish that no reasonable jury could conclude that Mr. Davis was acting in the course and scope of his employment when his vehicle collided with Mr. Adams after he had delivered Hercules' truck to its client in Salt Lake City. The Court therefore must grant Hercules' motion.

"Summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Bower v. Stein Eriksen Lodge Owners Ass'n, Inc., 201 F. Supp.2d 1134, 1137 (D. Utah 2002) (quoting Fed.R.Civ.P. 56(c)). "In applying this standard, the court must construe all facts and reasonable

---

[1] Mr. Davis died on May 7, 2005 and the Court granted Mr. Adams' motion to substitute

inferences therefrom in the light most favorable to the nonmoving party." Id. (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Pueblo of Santa Ana v. Kelly, 104 F.3d 1546, 1552 (10th Cir. 1997)).

The essential facts of this case are undisputed. Hercules hired Mr. Davis as a part-time driver to deliver its trucks to customers in various parts of the country on a project-by-project basis. Mr. Davis and Hercules had a unique employment relationship. Mr. Davis had no set work schedule, could work or refuse to work at will, and there were no expectations as to how many hours he would work. Mr. Davis received a fixed sum for completed projects based on mileage to the destination city rather than an hourly wage. Hercules policy and procedure, which was communicated to all drivers, including Mr. Davis, was to release drivers from their duties as soon as delivery was complete. At that point, drivers were on their own.

Mr. Davis was beyond the course and scope of his employment when the accident with Mr. Adams occurred because he had finished his delivery assignment and was engaged in personal activity at the time of the accident. Mr. Davis understood this to be the case. In his deposition, when asked if at the time of the collision, which occurred after delivery, he was working on the job for Hercules, Mr. Davis responded: "No. . . . I wasn't on the job for them. I'm on my own." Defendant's Opening Brief at 11.

Plaintiff maintains that Mr. Davis was furthering the interests of Hercules at the time of the accident and should therefore be held responsible for Mr. Davis' negligent driving. This argument is not supported by the record. There are no facts that indicate that Mr. Davis was acting on behalf of Hercules after delivering the truck in Salt Lake City. To the contrary, the

---

Josephine Hurt Davis, the surviving spouse, for Mr. Davis.

undisputed facts support Defendant's claim that Mr. Davis' employment with Hercules finished once the truck was successfully delivered to Hercules' client in Salt Lake City. Hercules, for example, did not furnish a vehicle for the return trip to Kentucky or otherwise arrange for Mr. Davis' return home, other than providing Mr. Davis with a dollar amount equal to bus fare back to Mr. Davis' home; and even in connection with that aspect of Mr. Davis' remuneration for delivering the truck, Mr. Davis was under no obligation to actually return to his home via bus or to use that money for travel of any kind. Furthermore, Hercules did not require or have reason to expect that Mr. Davis would return immediately to Kentucky; Hercules did not have Mr. Davis scheduled for another delivery and Mr. Davis had not yet accepted another assignment at the time of the accident. Hercules business interests were not furthered by Mr. Davis' immediate return. Mr. Davis was driving his own personal vehicle, which he had towed from Kentucky, at the time of the accident. His assignment with Hercules was complete and he was free to go about his personal business.

Everything that occurred after the delivery was outside the course and scope of Mr. Davis' employment. This is consistent with the three-pronged test created by the Utah Supreme Court in <u>Birkner v. Salt Lake County</u>, 771 P.2d, 1053 (Utah 1989), for determining when the conduct of an employee falls within the scope of employment. According to the <u>Birkner</u> court, in order for conduct of an employee to fall within the scope of employment the employee's conduct must (1) be of the general kind the employee is employed to perform, (2) occur within the hours of the employee's work and the ordinary spatial boundaries of the employment, and (3) be motivated, at least in part, by the purpose of serving the employer's interest. <u>Id.</u> at 1056-57. Because Mr. Davis had already delivered the truck when the accident occurred, and hence

4

completed his task with Hercules, he was no longer about Hercules' business and was not undertaking any duties on behalf of Hercules. The accident did not occur within the hours or spatial boundaries of Mr. Davis' work. The hours of Mr. Davis' work were from the moment he was assigned to transport Hercules truck in Kentucky until delivery in Salt Lake City. Similarly, the spatial boundaries of Mr. Davis' employment are easily measured from Henderson, Kentucky to the place of delivery in Salt Lake City. Because the accident occurred after delivery was made, Mr. Davis' action took place outside the hours and spatial boundaries of his employment. And, as explained above, Mr. Davis' conduct was not motivated by Hercules' interests because he had already fully completed his assignment and was going about his personal business at the time of the accident.

Although generally the issue of whether an employee acted within the scope of his employment so that an employer may be held liable under the theory of *respondeat superior* is a factual question to be decided by the trier of fact, some conduct is so clearly outside the scope of employment that the issue is properly decided as a matter of law. Id. at 1057-58. So it is with the facts of this case. Reasonable minds cannot differ that Mr. Davis was outside the course and scope of his employment at the time of the accident. Mr. Davis' assignment was complete upon delivery of Hercules' truck in Salt Lake City, and all parties agree that the accident happened after Davis delivered the truck. Hercules, therefore, can not be held liable for Mr. Davis' actions at the time of his accident with Plaintiff.[2]

### IV.    Conclusion

---

[2] Given the Court's decision that Mr. Davis was not within the scope of his employment at the time of the accident, it is unnecessary for the Court to decide Defendant's alternative argument that Mr. Davis was an independent contractor rather than an employee of Hercules.

For the reasons stated above, the Court GRANTS Defendant Hercules' Motion for Summary Judgment. In light of this Order, the Court finds that Hercules' other motions pending before the Court, specifically its motion to strike the joinder of Defendant Donald Davis, its motion for summary judgment on its cross-claim, and its motion for summary judgment against Defendant Davis' cross claims are MOOT.

**IT IS SO ORDERED.**

Dated this 16th day of October, 2006.

Dee Benson
United States District Judge